226

## STEFANIK v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13340.   Decided Jan 15, 1934

Roth & Pollock, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, and Thomas A. Burke, Jr., Cleveland, for defendant in error.

BLOSSER, PJ, MIDDLETON, J (4th Dist), and SHERICK, J, (5th Dist) sitting.

## OPINION

By SHERICK, J.

The plaintiff in error was indicted for the crime of embezzlement. The indictment contained two other counts, one for forgery and the other for uttering a forged instrument. Upon trial the forgery count was taken from the jury and the defendant was found guilty, as charged, of embezzlement and uttering a forged instrument.

From the facts adduced at the trial it is disclosed that Stefanik for many years was the President of the Slovak Evangelical Union. This organization employed some of its funds in making loans to members of the society and it was the duty of plaintiff in error as its president to supervise the making of loans in this locality, and that when a member of the society made such an application the plaintiff in error caused the applicant to execute his note and mortgage therefor and that these papers were delivered by the defendant to the society. The loan being allowed, checks were then made payable to the borrowing member and mailed to plaintiff in error for delivery to the mortgagor. It was such a transaction that was the basis and cause of the indictment returned in this case.

A member by the name of Petrovic solicited a loan from the society in order that he might discharge an obligation due to the Cleveland Trust Company in the sum of $3800.00. The society issued its check to Petrovic and mailed it to the accused. It thereafter appeared that this check had been endorsed by some one and also by the accused and deposited by him to his personal account. The fact is that Petrovic never received or endorsed this check.

It is apparent that the matter of intent must be proved by the State. To that end proof was introduced of prior similar transactions on the part of the accused and this evidence was strenuously objected to. At the inception of the trial the court read to the jury §13444-19 GC and in addition thereto made the following comments:

"In addition to that language, I want to say to you that before you can consider evidence as to other or similar acts, you must be convinced beyond a reasonable doubt that such or similar acts did occur and that the defendant participated there-

in. When I say 'participated therein' I mean that he committed other acts."

It is first claimed that the court erred in the above quoted language. It is our view that if such was prejudicial to the rights of the plaintiff in error that any such error was in his favor by reason of the fact that it instructed the jury that they might not consider other similar acts unless they were convinced beyond the existence of a reasonable doubt that such acts did occur. It placed a rather heavy burden upon the State to prove each particular act beyond a reasonable doubt, and to our notion the statement was of advantage to the accused and not prejudicial to him.

Plaintiff in error further says that the introducton of this evidence as to prior similar acts confused the jury and that he should have been apprised by the indictment or at least by notice that proof of such other acts was to be made by the State and that he therefore was not charged with knowledge by the indictment of the issues he would have to meet upon trial.

As previously pointed out, it was incumbent upon the State to prove beyond a reasonable doubt the intent of the accused. He also must be charged with knowledge that the Legislature in the enactment of §13444-19 GC had provided that prior similar acts of like character might be shown for the purpose of proving the intent. He therefore knew that the State would attempt to make proof of intent.

Our Supreme Court, in the case of State v Moon, 124 Oh St 466-472, considered the section cited which the accused now says is unconstitutional, and therein held that prior similar acts might be shown for the purpose of proving intent and it was said that the Statute in this respect was but declaratory of the rule existing at common law. Earlier still, in the case of Beckman v State, 122 Oh St 443, it was held that subsequent acts might be so shown and the court in that case in that particular made a remark that the statute was but declaratory of the common law. It therefore appeals to us that the claim of the unconstitutionality of this section is not well taken. It was not an unconstitutional practice under the common law to prove the element of intent by prior similar acts and we are therefore unable to perceive how the enactment of the rule into a statute could in any way make the statute unconstitutional.

Plaintiff in error further presents the unique argument that the statute is unconstitutional by reason of the fact that it is incompatible with the succeeding section, §13444-20 GC, which provides that if one charged with crime desires to make proof of an alibi that he must notify the State in advance of his intention so to do.

It is argued that this section confers an extraordinary privilege upon the State, but that the section immediately preceding casts a very heavy burden upon the defendant and that they cannot be reconciled. We see no reason or cause for any such reconciliation. They treat with entirely different matters. Both are procedural in character and have no connection one with the other save and except that both appear as they do in the new Crimes Act.

It is claimed that the court erred in its general charge in reading §13444-19 GC, to the jury and making a like statement as is hereinbefore quoted. We see no error in this respect as heretofore indicated, but we do observe that the court did further say to the jury in its general charge that this testimony of prior like acts was only received for the purpose of showing the intent of the accused to commit the offense of which he stood charged. The jury without doubt fully understood the reason for the admission of such testimony and well knew that it was not their duty to find the accused to be guilty of these prior similar acts.

It is further charged as error that the trial court erred in refusing to admit in evidence a certain paper purporting to be an audit offered by the accused in evidence during the cross-examination of an officer of the society. It is claimed that this audit would have completely exonerated the accused inasmuch as it was absolute proof of the fact that there were no discrepancies in the accounts of the society with which the accused was chargeable. The State objected to the receipt of this evidence at the time it was offered, for several reasons. First, it was a matter of defense and could not properly be received during the making of the State's case; second, that it had not been sufficiently identified; third, that the proper foundation for the receipt of such testimony was to call the auditor in order that he might identify the paper and the State be afforded an opportunity to cross-examine on the matters and things stated in the audit. It is our opinion that the reasons assigned for the exclusion of this testimony at the time were sufficient and proper and we see no error in this respect.

It is also charged that the State failed to maintain the issues as set forth in the indictment. Our examination of the record

in this case clearly convinces us that this charge is without merit.

We do not find any testimony offered on behalf of the accused by way of defense. The defendant failed to take the stand in his own behalf, and the evidence offered on behalf of the State stands uncontradicted.

It is our conclusion that there is no error in this record prejudicial to the rights of plaintiff in error and the judgment is affirmed.

BLOSSER, PJ, and MIDDLETON, J, concur in judgment.